48.  It was a part and an object of the conspiracy that the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 50 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

49.  It was further a part and an object of the conspiracy that the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21, United States Code.

50.  It was further a part and an object of the conspiracy that the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 1000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21, United States Code.

<u>OVERT ACTS</u>

51.  In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt acts, among

30

others, were committed in the Southern District of New York and elsewhere:

  a. On or about February 6, 2001, BOBBY SAUNDERS, a/k/a "Bobby Moore," and CARMEN MOORE, a/k/a "Munchie," the defendants, sold a quantity of marijuana in the vicinity of 3578 DeKalb Avenue, in the Bronx, New York.

  b. On or about October 28, 2002, BOBBY SAUNDERS, a/k/a "Bobby Moore," and CARMEN MOORE, a/k/a "Munchie," the defendants, sold a quantity of marijuana in the vicinity of 213th Street and DeKalb Avenue, in the Bronx, New York.

  c. On or about June 26, 2006, BOBBY MOORE, JR., a/k/a "Pops," a/k/a "Poppy," the defendant, sold a quantity of crack to a confidential informant in the vicinity of 213th Street and DeKalb Avenue, in the Bronx, New York.

  d. On or about June 6, 2006, TYRONE MOORE, a/k/a "Puss," PAUL LOVE, and CHRISTOPHER DIAZ, a/k/a "X Box," the defendants, sold a quantity of crack in the vicinity of 213th Street and DeKalb Avenue, in the Bronx, New York.

  e. On or about June 23, 2006, TYRONE MOORE, a/k/a "Puss," KEVIN BECKFORD, a/k/a "Carl Beckford," and AARON BIRCH, a/k/a "A," a/k/a "Ace," the defendants, possessed a quantity of crack in the vicinity of 3569 DeKalb Avenue, in the Bronx, New York.

f.   On or about August 29, 2000, in the state of Virginia, HISAN LEE, a/k/a "Devontea Clark," a/k/a "Ice," ANDRE DAVIDSON, a/k/a "O Dog," SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," and DELROY LEE, a/k/a "Specs," a/k/a "DJ," the defendants, possessed quantities of both crack and cocaine, which represented the proceeds of a robbery that occurred in the Bronx, New York.

g.   In or about 2003, HIBAH LEE, the defendant, possessed a quantity of crack in the vicinity of 213th Street and DeKalb Avenue, in the Bronx, New York.

h.   On or about April 18, 2000, ANDRE DAVIDSON, a/k/a "O Dog," the defendant, sold a quantity of marijuana in the vicinity of 213th Street and DeKalb Avenue, in the Bronx, New York.

i.   On or about June 5, 2000, DELROY LEE, a/k/a "Specs," a/k/a "DJ," the defendant, sold a controlled substance to an undercover officer, in the vicinity of 3504 DeKalb Avenue, in the Bronx, New York.

j.   On or about December 7, 2006, in the Bronx, New York, ROBERT MORRISON, a/k/a "Chips," the defendant, possessed a quantity of marijuana that represented the proceeds of a robbery.

k.   On or about April 6, 2003, DAKWAN EDWARDS, a/k/a "Doc," the defendant, possessed a sawed-off shotgun, a

32

quantity of cocaine, and a quantity of marijuana, in the vicinity
of 3569 DeKalb Avenue, in the Bronx, New York.

l.    On or about October 12, 2001, MARQUISH JONES,
a/k/a "Lunchbox," the defendant, sold a quantity of marijuana in
the vicinity of 213th Street and DeKalb Avenue, in the Bronx, New
York.

m.    On or about March 12, 2004, MARQUISH JONES,
a/k/a "Lunchbox," the defendant, possessed a quantity of crack in
the vicinity of 3554 DeKalb Avenue, in the Bronx, New York.

n.    On or about May 25, 2006, RAHEEM TUCKER,
a/k/a "Ras," the defendant, possessed a quantity of crack in the
vicinity of 213th Street and DeKalb Avenue, in the Bronx, New
York.

o.    On or about December 9, 2006, DEMETRI YOUNG,
a/k/a "Walter Malone," the defendant, sold a controlled substance
in the vicinity of 3555 DeKalb Avenue, in the Bronx, New York.

p.    On or about February 5, 2005, CHRISTOPHER
DIAZ, a/k/a "X Box," the defendant, sold a quantity of crack to
an undercover officer in the vicinity of 212th Street and DeKalb
Avenue, in the Bronx, New York.

q.    On or about June 14, 2006, ANTHONY DIAZ,
a/k/a "Little X," the defendant, sold a controlled substance to
an undercover officer in the vicinity of 213th Street and DeKalb
Avenue, in the Bronx, New York.

r.    On or about November 16, 2005, PAUL LOVE, the defendant, possessed quantities of both crack and marijuana in the vicinity of 3569 DeKalb Avenue, in the Bronx, New York.

s.    On or about June 28, 2006, PAUL LOVE, the defendant, sold a quantity of crack to a confidential informant in the vicinity of 213th Street and DeKalb Avenue, in the Bronx, New York.

t.    On or about September 2, 2006, AARON BIRCH, a/k/a "A," a/k/a "Ace," the defendant, sold a controlled substance to an undercover officer in the vicinity of 16 East 213th Street, in the Bronx, New York.

u.    On or about June 19, 2006, KEVIN BECKFORD, a/k/a "Carl Beckford," the defendant, sold a quantity of crack to a confidential informant in the vicinity of 213th Street and DeKalb Avenue, in the Bronx, New York.

v.    On or about June 21, 2006, KEVIN BECKFORD, a/k/a "Carl Beckford," the defendant, sold a quantity of crack to a confidential informant in the vicinity of 213th Street and DeKalb Avenue, in the Bronx, New York.

w.    On or about May 7, 2004, JERMELL FALZONE, a/k/a "Mel," the defendant, sold a quantity of crack in the vicinity of 3551 DeKalb Avenue, in the Bronx, New York.

x.    In or about early May 2003, in the Bronx, New York, MARK HART, a/k/a "Movements," provided information to

34

others regarding individuals he believed to be in possession of
narcotics and narcotics proceeds in order to facilitate the
robbery of those narcotics and narcotics proceeds.

(Title 21, United States Code, Section 846.)

COUNT EIGHT

MURDER IN CONNECTION WITH A DRUG CRIME

The Grand Jury further charges:

52.    On or about August 23, 2000, in the Southern
District of New York and elsewhere, while engaged in an offense
punishable under Section 841(b)(1)(A) of Title 21, United States
Code, namely, the narcotics conspiracy charged in Count Seven of
this Indictment, HISAN LEE and DELROY LEE, the defendants, and
others known and unknown, unlawfully, intentionally, and
knowingly killed and counseled, commanded, induced, procured, and
caused the intentional killing of Patrick Taylor, and such
killing resulted.

(Title 21, United States Code, Section 848(e)(1)(A), Title 18,
United States Code, Section 2.)

ROBBERY OFFENSES

COUNT NINE

The Grand Jury further charges:

53.    From at least in or about 1997, up to and
including in or about April 2007, in the Southern District of New
York and elsewhere, BOBBY SAUNDERS, a/k/a "Bobby Moore," BOBBY
MOORE, JR., a/k/a "Pops," a/k/a "Poppy," HISAN LEE, a/k/a

35

"Devontea Clark," a/k/a "Ice," HIBAH LEE, ANDRE DAVIDSON, a/k/a
"O Dog," SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," DELROY
LEE, a/k/a "Specs," a/k/a "DJ," ROBERT MORRISON, a/k/a "Chips,"
LEVAR GAYLE, a/k/a "Train," and MARK HART, a/k/a "Movements," the
defendants, and others known and unknown, unlawfully, willfully,
and knowingly did combine, conspire, confederate, and agree
together and with each other to commit robbery, as that term is
defined in Title 18, United States Code, Section 1951(b)(1), and
would and did thereby obstruct, delay, and affect commerce and
the movement of articles and commodities in commerce, as that
term is defined in Title 18, United States Code, Section
1951(b)(3), to wit, SAUNDERS, BOBBY MOORE, JR., HISAN LEE, HIBAH
LEE, DAVIDSON, WAITE, DELROY LEE, MORRISON, GAYLE, and HART, the
defendants, and others known and unknown, conspired to commit
robberies of individuals they believed to be in possession of
narcotics and narcotics proceeds, and other individuals engaged
in commercial activities that affected interstate commerce.

<u>Overt Acts</u>

54.  In furtherance of the conspiracy and to effect the
illegal object thereof, the following overt acts, among others,
were committed in the Southern District of New York and
elsewhere:

a.  In or about early May 2003, in the Bronx, New
York, MARK HART, a/k/a "Movements," the defendant, provided

information to others regarding individuals he believed to be in possession of narcotics and narcotics proceeds in order to facilitate the robbery of those narcotics and narcotics proceeds.

b.    In or about May 2003, BOBBY SAUNDERS, a/k/a "Bobby Moore," the defendant, met with others to plan a robbery that was to take place in the vicinity of Wilder Avenue and Strang Avenue in the Bronx, New York.

c.    On or about May 21, 2003, in the vicinity of 2041 Strang Avenue, Bronx, New York, HISAN LEE, HIBAH LEE, BOBBY MOORE, JR., a/k/a "Pops," a/k/a "Poppy," and ANDRE DAVIDSON, a/k/a "O Dog," the defendants, and others known and unknown, attempted to rob several individuals of large bags that the defendants believed contained narcotics and/or narcotics proceeds, and, during the course of that attempted robbery, HIBAH LEE shot at one of the individuals.

d.    On or about July 25, 2003, HISAN LEE, HIBAH LEE, and LEVAR GAYLE, a/k/a "Train," the defendants, robbed a victim of several pounds of marijuana in the vicinity of 4136 Wilder Avenue in the Bronx, New York, during which robbery the victim was shot and killed.

e.    On or about January 31, 2005, SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," DELROY LEE, a/k/a "Specs," a/k/a "DJ," and ROBERT MORRISON, a/k/a "Chips," the defendants,

entered an apartment located at 4061 Murdoch Avenue, Bronx, New York, restrained a victim at gunpoint, and then robbed narcotics proceeds from the apartment.

(Title 18, United States Code, Section 1951.)

COUNT TEN

ATTEMPTED ROBBERY

The Grand Jury further charges:

55.  On or about May 21, 2003, in the Southern District of New York, HISAN LEE, a/k/a "Devontea Clark," a/k/a "Ice," HIBAH LEE, BOBBY MOORE, JR., a/k/a "Pops," a/k/a "Poppy," ANDRE DAVIDSON, a/k/a "O Dog," and MARK HART, a/k/a "Movements," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did attempt and aid and abet an attempt to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would thereby have obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, HISAN LEE, HIBAH LEE, MOORE, JR., and DAVIDSON, the defendants, attempted to rob several individuals of large bags that the defendants believed contained narcotics and/or narcotics proceeds, in the vicinity of 2041 Strang Avenue, Bronx, New York, based on information provided by HART.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT ELEVEN

## ROBBERY

The Grand Jury further charges:

56.  On or about July 25, 2003, in the Southern District of New York, HISAN LEE, HIBAH LEE, and LEVAR GAYLE, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, HISAN LEE, HIBAH LEE, and GAYLE, the defendants, robbed a victim of several pounds of marijuana in the vicinity of 4136 Wilder Avenue in the Bronx, New York, during which robbery the victim was shot and killed.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT TWELVE

## ATTEMPTED ROBBERY

The Grand Jury further charges:

57.  On or about October 4, 2004, in the Southern District of New York, SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did attempt to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would thereby have obstructed, delayed, and

affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, WAITE, the defendant, stole a safe that WAITE believed contained narcotics and/or narcotics proceeds, but which was in fact empty, and, during the course of that attempted robbery, WAITE fired at the victim, in the vicinity of 2032 Strang Avenue, Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

<u>COUNT THIRTEEN</u>

<u>ROBBERY</u>

The Grand Jury further charges:

58.  On or about January 31, 2005, in the Southern District of New York, SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," DELROY LEE, a/k/a "Specs," a/k/a "DJ," and ROBERT MORRISON, a/k/a "Chips," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, WAITE, DELROY LEE, and MORRISON, the defendants, entered an apartment located at 4061 Murdoch Avenue, Bronx, New York, restrained a victim at gunpoint, and then robbed

narcotics proceeds from the apartment.

(Title 18, United States Code, Sections 1951 and 2.)

### COUNT FOURTEEN

### ROBBERY

The Grand Jury further charges:

59. On or about March 24, 2005, in the Southern
District of New York, SELBOURNE WAITE, a/k/a "Silky," a/k/a
"Bling," the defendant, and others known and unknown, unlawfully,
willfully, and knowingly did commit robbery, as that term is
defined in Title 18, United States Code, Section 1951(b)(1), and
did thereby obstruct, delay, and affect commerce and the movement
of articles and commodities in commerce, as that term is defined
in Title 18, United States Code, Section 1951(b)(3), to wit,
WAITE, the defendant, robbed an individual of a bag that
contained narcotics proceeds, and, during the course of that
robbery, discharged a firearm at the victim, in the vicinity of
3955 Paulding Avenue, Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

### COUNT FIFTEEN

### ROBBERY

The Grand Jury further charges:

60. On or about March 25, 2005, in the Southern
District of New York and elsewhere, ROBERT MORRISON, a/k/a
"Chips," the defendant, and others known and unknown, unlawfully,

41

willfully, and knowingly did commit robbery, as that term is

defined in Title 18, United States Code, Section 1951(b)(1), and

did thereby obstruct, delay, and affect commerce and the movement

of articles and commodities in commerce, as that term is defined

in Title 18, United States Code, Section 1951(b)(3), to wit,

MORRISON, the defendant, drove from the Bronx, New York, to

Queens, New York, where he robbed workers at a construction site

of the construction company payroll, in the vicinity of 93-06

101st Avenue, Queens, New York.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT SIXTEEN

## ATTEMPTED ROBBERY

The Grand Jury further charges:

61.  On or about April 1, 2005, in the Southern

District of New York, DELROY LEE, a/k/a "Specs," a/k/a "DJ," and

SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," the defendants,

and others known and unknown, unlawfully, willfully, and

knowingly did attempt to commit robbery, as that term is defined

in Title 18, United States Code, Section 1951(b)(1), and would

thereby have obstructed, delayed, and affected commerce and the

movement of articles and commodities in commerce, as that term is

defined in Title 18, United States Code, Section 1951(b)(3), to

wit, DELROY LEE and WAITE, the defendants, attempted to steal

marijuana from a suspected narcotics dealer on 225th Street in

the Bronx, New York, during which robbery the suspected narcotics dealer was shot and killed.

(Title 18, United States Code, Sections 1951 and 2.)

### COUNT SEVENTEEN

### ROBBERY

The Grand Jury further charges:

62.  On or about May 4, 2005, in the Southern District of New York, SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," DELROY LEE, a/k/a "Specs," a/k/a "DJ," and ROBERT MORRISON, a/k/a "Chips," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, WAITE, DELROY LEE, and MORRISON, the defendants, entered an apartment in the vicinity of 1930 Edenwald Avenue in the Bronx, New York, restrained several victims at gunpoint, and then robbed narcotics proceeds from the apartment.

(Title 18, United States Code, Sections 1951 and 2.)

COUNT EIGHTEEN

ATTEMPTED ROBBERY

The Grand Jury further charges:

63.  On or about June 9, 2005, in the Southern District
of New York, SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," and
ROBERT MORRISON, a/k/a "Chips," the defendants, and others known
and unknown, unlawfully, willfully, and knowingly did attempt to
commit robbery, as that term is defined in Title 18, United
States Code, Section 1951(b)(1), and would thereby have
obstructed, delayed, and affected commerce and the movement of
articles and commodities in commerce, as that term is defined in
Title 18, United States Code, Section 1951(b)(3), to wit, WAITE
and MORRISON, the defendants, robbed an individual of bags that
they believed contained narcotics, but which in fact contained
clothing, and, during the course of that attempted robbery, at
least one co-conspirator not named herein fired a gun at the
victim, in the vicinity of 2930 Hone Avenue, Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

COUNT NINETEEN

ATTEMPTED ROBBERY

The Grand Jury further charges:

64.  On or about March 21, 2006, in the Southern
District of New York, ANDRE DAVIDSON, a/k/a "O Dog," the
defendant, and others known and unknown, unlawfully, willfully,

44

and knowingly did attempt to commit robbery, as that term is
defined in Title 18, United States Code, Section 1951(b)(1), and
would thereby have obstructed, delayed, and affected commerce and
the movement of articles and commodities in commerce, as that
term is defined in Title 18, United States Code, Section
1951(b)(3), to wit, DAVIDSON, the defendant, attempted to steal
kilograms of cocaine from a suspected narcotics dealer on DeKalb
Avenue in the Bronx, New York, during which robbery DAVIDSON shot
and killed the suspected narcotics dealer.

(Title 18, United States Code, Sections 1951 and 2.)

### FIREARMS OFFENSES

### COUNT TWENTY

The Grand Jury further charges:

65.  From at least in or about 1997, up to and
including in or about April 2007, in the Southern District of New
York and elsewhere, BOBBY SAUNDERS, a/k/a "Bobby Moore," CARMEN
MOORE, a/k/a "Munchie," BOBBY MOORE, JR., a/k/a "Pops," a/k/a
"Poppy," TYRONE MOORE, a/k/a "Puss," HISAN LEE, a/k/a "Devontea
Clark," a/k/a "Ice," HIBAH LEE, ANDRE DAVIDSON, a/k/a "O Dog,"
SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," DELROY LEE, a/k/a
"Specs," a/k/a "DJ," DAKWAN EDWARDS, a/k/a "Doc," MARQUISH JONES,
a/k/a "Lunchbox," AARON BIRCH, a/k/a "A," a/k/a "Ace," and
JERMELL FALZONE, a/k/a "Mel," the defendants, unlawfully,
willfully, and knowingly, during and in relation to a drug

45

trafficking crime for which they may be prosecuted in a court of the United States, namely, the offense charged in Count Seven of this Indictment, did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, to wit, SAUNDERS, CARMEN MOORE, BOBBY MOORE, JR., TYRONE MOORE, HISAN LEE, HIBAH LEE, DAVIDSON, WAITE, DELROY LEE, EDWARDS, JONES, BIRCH, and FALZONE used, carried, and possessed semi-automatic pistols and other firearms in the vicinity of DeKalb Avenue, Bronx, New York, during and in relation to a conspiracy to distribute "crack" cocaine, "powder" cocaine, and marijuana.

(Title 18, United States Code, Sections
924(c)(1)(A)(i) and 2.)

### COUNT TWENTY-ONE

The Grand Jury further charges:

66. On or about August 23, 2000, in the Southern District of New York, HISAN LEE and DELROY LEE, the defendants, unlawfully, willfully, and knowingly, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the offense charged in Count Seven of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18,

United States Code, Section 1111(a), to wit, HISAN LEE and DELROY
LEE caused the death of Patrick Taylor, by discharging firearms
at Patrick Taylor, and aiding and abetting the discharge of those
firearms, in the vicinity of Bullard Avenue, Bronx, New York.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

### COUNT TWENTY-TWO

The Grand Jury further charges:

67.  On or about May 21, 2003, in the Southern District
of New York, HISAN LEE, a/k/a "Devontea Clark," a/k/a "Ice,"
HIBAH LEE, BOBBY MOORE, JR., a/k/a "Pops," a/k/a "Poppy," and
ANDRE DAVIDSON, a/k/a "O Dog," the defendants, unlawfully,
willfully, and knowingly, during and in relation to a crime of
violence for which they may be prosecuted in a court of the
United States, namely, the attempted robbery charged in Count Ten
of this Indictment, did use and carry firearms, and, in
furtherance of such crime, did possess firearms, and did aid and
abet the use, carrying, and possession of firearms, which were
discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii),
924(c)(1)(C)(i), and 2.)

### COUNT TWENTY-THREE

The Grand Jury further charges:

68.  On or about July 25, 2003, in the Southern
District of New York, HISAN LEE, HIBAH LEE, and LEVAR GAYLE, the
defendants, unlawfully, willfully, and knowingly, during and in

47

relation to a crime of violence for which they may be prosecuted
in a court of the United States, namely, the robbery of Oneil
Johnson in an apartment at 4136 Wilder Avenue in the Bronx, New
York, charged in Count Eleven of this Indictment, did use and
carry a firearm, and, in furtherance of such crime, did possess a
firearm, and did aid and abet the use, carrying, and possession
of a firearm, and in the course of that crime did cause the death
of a person through the use of a firearm, which killing is murder
as defined in Title 18, United States Code, Section 1111(a), to
wit, HISAN LEE, HIBAH LEE, and GAYLE caused the death of Oneil
Johnson, by discharging a firearm at Oneil Johnson, and aiding
and abetting the discharge of that firearm.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

### COUNT TWENTY-FOUR

The Grand Jury further charges:

69.   On or about July 25, 2003, in the Southern
District of New York, HISAN LEE, HIBAH LEE, and LEVAR GAYLE, the
defendants, unlawfully, willfully, and knowingly, during and in
relation to a crime of violence for which they may be prosecuted
in a court of the United States, namely, the robbery charged in
Count Eleven of this Indictment, did use and carry a firearm,
and, in furtherance of such crime, did possess a firearm, and did
aid and abet the use, carrying, and possession of a firearm,

48

which was discharged.

(Title 18, United States Code, Sections
924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

### COUNT TWENTY-FIVE

The Grand Jury further charges:

70.  On or about October 4, 2004, in the Southern
District of New York, SELBOURNE WAITE, a/k/a "Silky," a/k/a
"Bling," the defendant, unlawfully, willfully, and knowingly,
during and in relation to a crime of violence for which he may be
prosecuted in a court of the United States, namely, the attempted
robbery charged in Count Twelve of this Indictment, did use and
carry a firearm, and, in furtherance of such crime, did possess a
firearm, which was discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii),
924(c)(1)(C)(i), and 2.)

### COUNT TWENTY-SIX

The Grand Jury further charges:

71.  On or about January 31, 2005, in the Southern
District of New York, SELBOURNE WAITE, a/k/a "Silky," a/k/a
"Bling," DELROY LEE, a/k/a "Specs," a/k/a "DJ," and ROBERT
MORRISON, a/k/a "Chips," the defendants, unlawfully, willfully,
and knowingly, during and in relation to a crime of violence for
which they may be prosecuted in a court of the United States,
namely, the robbery charged in Count Thirteen of this Indictment,
did use and carry a firearm, and, in furtherance of such crime,

49

did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(C)(i), and 2.)

<u>COUNT TWENTY-SEVEN</u>

The Grand Jury further charges:

72.  On or about March 24, 2005, in the Southern District of New York, SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," the defendant, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery charged in Count Fourteen of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, which was discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

<u>COUNT TWENTY-EIGHT</u>

The Grand Jury further charges:

73.  On or about March 25, 2005, in the Southern District of New York and elsewhere, ROBERT MORRISON, a/k/a "Chips," the defendant, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery charged in Count Fifteen of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a

50

firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished.

(Title 18, United States Code, Sections
924(c)(1)(A)(ii), 924(c)(1)(C)(i), and 2.)

### COUNT TWENTY-NINE

The Grand Jury further charges:

74. On or about April 1, 2005, in the Southern District of New York, DELROY LEE and SELBOURNE WAITE, the defendants, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the attempted robbery of Bunny Campbell in an apartment at 860 East 225th Street, Bronx, New York, charged in Count Sixteen of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, DELROY LEE and WAITE caused the death of Bunny Campbell, by discharging a firearm at Bunny Campbell, and aiding and abetting the discharge of that firearm.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

COUNT THIRTY

The Grand Jury further charges:

75.  On or about April 1, 2005, in the Southern
District of New York, DELROY LEE and SELBOURNE WAITE, the
defendants, unlawfully, willfully, and knowingly, during and in
relation to a crime of violence for which they may be prosecuted
in a court of the United States, namely, the attempted robbery of
Bunny Campbell in an apartment at 860 225th Street, Bronx, New
York, charged in Count Sixteen of this Indictment, did use and
carry a firearm, and, in furtherance of such crime, did possess a
firearm, and did aid and abet the use, carrying, and possession
of a firearm, which was discharged.

(Title 18, United States Code, Sections
924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

COUNT THIRTY-ONE

The Grand Jury further charges:

76.  On or about May 4, 2005, in the Southern District
of New York, SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling,"
DELROY LEE, a/k/a "Specs," a/k/a "DJ," and ROBERT MORRISON, a/k/a
"Chips," the defendants, unlawfully, willfully, and knowingly,
during and in relation to a crime of violence for which they may
be prosecuted in a court of the United States, namely, the
robbery charged in Count Seventeen of this Indictment, did use
and carry a firearm, and, in furtherance of such crime, did

52

possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(C)(i), and 2.)

COUNT THIRTY-TWO

The Grand Jury further charges:

77.  On or about June 9, 2005, in the Southern District of New York, SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," and ROBERT MORRISON, a/k/a "Chips," the defendants, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the attempted robbery charged in Count Eighteen of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

COUNT THIRTY-THREE

The Grand Jury further charges:

78.  On or about March 21, 2006, in the Southern District of New York, ANDRE DAVIDSON, a/k/a "O Dog," the defendant, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the attempted robbery of

Marsie Sierra in an apartment at 2569 DeKalb Avenue, Bronx, New York, charged in Count Nineteen of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, DAVIDSON caused the death of Marsie Sierra, by discharging a .357 caliber pistol at Marsie Sierra, and aiding and abetting the discharge of that firearm.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

<u>COUNT THIRTY-FOUR</u>

The Grand Jury further charges:

79.  On or about March 21, 2006, in the Southern District of New York, ANDRE DAVIDSON, a/k/a "O Dog," the defendant, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the attempted robbery charged in Count Nineteen of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was discharged during the attempted robbery.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

54

COUNT THIRTY-FIVE

The Grand Jury further charges:

80.  On or about April 2, 2005, in the Southern District of New York, DELROY LEE, a/k/a "Specs," a/k/a "DJ," the defendant, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit, (i) a conviction on or about March 14, 2002, in New York State Supreme Court, New York County, of criminal possession of a weapon in the second degree, a Class C felony, and (ii) a conviction on or about November 8, 2001 in New York State Supreme Court, Bronx County, of attempted criminal possession of a controlled substance in the third degree, a Class C felony, unlawfully, willfully, and knowingly did possess in and affecting interstate commerce, a firearm, to wit, a loaded 9 mm Ruger semiautomatic handgun, which previously had been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Section 922(g)(1).)

SPECIAL FINDINGS AS TO HISAN LEE

81.  Counts Three, Four, Eight, Twenty, and Twenty-Three of the Indictment are re-alleged and incorporated by reference as though fully set forth herein.  As to Counts Three, Eight, and Twenty of the Indictment, alleging the murder of Patrick Taylor in connection with a crime of violence and drug trafficking crime, and Counts Four and Twenty-Three of the

55

Indictment, alleging the murder of Oneil Johnson in connection with a crime of violence, the defendant HISAN LEE:

       a.   was 18 years of age or older at the time of the offenses;

       b.   intentionally killed Patrick Taylor and Oneil Johnson (Title 18, United States Code, Section 3591(a)(2)(A));

       c.   intentionally inflicted serious bodily injury that resulted in the deaths of Patrick Taylor and Oneil Johnson (Title 18, United States Code, Section 3591(a)(2)(B));

       d.   intentionally participated in acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Patrick Taylor and Oneil Johnson died as a direct result of the acts (Title 18, United States Code, Section 3591(a)(2)(C));

       e.   intentionally and specifically engaged in acts of violence, knowing that the acts created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the acts constituted a reckless disregard for human life and Patrick Taylor and Oneil Johnson died as a direct result of the acts (Title 18, United States Code, Section 3591(a)(2)(D));

       f.   had previously been convicted of a state offense punishable by a term of imprisonment of more than one

year, involving the use or attempted or threatened use of a firearm (as defined in section 921) against another person (Title 18, United States Code, Section 3592(c)(2)); and

g.    committed the offenses described in Counts Three, Four, Eight, Twenty, and Twenty-Three of the Indictment in the expectation of the receipt of something of pecuniary value, to wit, narcotics and money (Title 18, United States Code, Section 3592(c)(8)).

## SPECIAL FINDINGS AS TO DELROY LEE

82.    Counts Three, Five, Eight, Twenty, and Twenty-Nine of the Indictment are re-alleged and incorporated by reference as though fully set forth herein.  As to Counts Three, Eight, and Twenty of the Indictment, alleging the murder of Patrick Taylor in connection with a crime of violence and drug trafficking crime, and Counts Five and Twenty-Nine of the Indictment, alleging the murder of Bunny Campbell in connection with a crime of violence, the defendant DELROY LEE:

a.    was 18 years of age or older at the time of the offense;

b.    intentionally killed Patrick Taylor and Bunny Campbell (Title 18, United States Code, Section 3591(a)(2)(A));

c.    intentionally inflicted serious bodily injury that resulted in the deaths of Patrick Taylor and Bunny Campbell (Title 18, United States Code, Section 3591(a)(2)(B));

57

d.    intentionally participated in acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Patrick Taylor and Bunny Campbell died as a direct result of the acts (Title 18, United States Code, Section 3591(a)(2)(C);

e.    intentionally and specifically engaged in acts of violence, knowing that the acts created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the acts constituted a reckless disregard for human life and Patrick Taylor and Bunny Campbell died as a direct result of the acts (Title 18, United States Code, Section 3591(a)(2)(D));

f.    had previously been convicted of a state offense punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm (as defined in section 921) against another person (Title 18, United States Code, Section 3592(c)(2)); and

g.    committed the offenses described in Counts Three, Five, Eight, Twenty, and Twenty-Nine of the Indictment in the expectation of the receipt of something of pecuniary value, to wit, narcotics and money (Title 18, United States Code, Section 3592(c)(8)).

58

## SPECIAL FINDINGS AS TO ANDRE DAVIDSON

83.  Counts Six and Thirty-Three of the Indictment are re-alleged and incorporated by reference as though fully set forth herein.  As to Counts Six and Thirty-Three of the Indictment, alleging the murder of Marsie Sierra in connection with a crime of violence, the defendant ANDRE DAVIDSON:

a.  was 18 years of age or older at the time of the offense;

b.  intentionally killed Marsie Sierra (Title 18, United States Code, Section 3591(a)(2)(A));

c.  intentionally inflicted serious bodily injury that resulted in the death of Marsie Sierra (Title 18, United States Code, Section 3591(a)(2)(B));

d.  intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Marsie Sierra died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e.  intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Marsie Sierra died as a

59

direct result of the act (Title 18, United States Code, Section
3591(a)(2)(D));

       f.   had previously been convicted of a state
offense punishable by a term of imprisonment of more than one
year, involving the use or attempted or threatened use of a
firearm (as defined in section 921) against another person (Title
18, United States Code, Section 3592(c)(2)); and

       g.   committed the offenses described in Counts
Six and Thirty-Three of the Indictment in the expectation of the
receipt of something of pecuniary value, to wit, narcotics and
money (Title 18, United States Code, Section 3592(c)(8)).

<u>SPECIAL FINDINGS AS TO HIBAH LEE</u>

      84.  Counts Four and Twenty-Three of the Indictment are
re-alleged and incorporated by reference as though fully set
forth herein.  As to Counts Four and Twenty-Three of the
Indictment, alleging the murder of Oneil Johnson in connection
with a crime of violence, the defendant HIBAH LEE:

       a.   was 18 years of age or older at the time of
the offense;

       b.   intentionally participated in an act,
contemplating that the life of a person would be taken or
intending that lethal force would be used in connection with a
person, other than one of the participants in the offense, and

Oneil Johnson died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

c.  intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Oneil Johnson died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

d.  had previously been convicted of a state offense punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm (as defined in section 921) against another person (Title 18, United States Code, Section 3592(c)(2)); and

e.  committed the offenses described in Counts Four and Twenty-Three of the Indictment in the expectation of the receipt of something of pecuniary value, to wit, narcotics and money (Title 18, United States Code, Section 3592(c)(8)).

<u>SPECIAL FINDINGS AS TO LEVAR GAYLE</u>

85.  Count Twenty-Three of the Indictment is re-alleged and incorporated by reference as though fully set forth herein. As to Count Twenty-Three of the Indictment, alleging the murder of Oneil Johnson in connection with a crime of violence, the defendant LEVAR GAYLE:

61

a.    was 18 years of age or older at the time of the offense;

b.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Oneil Johnson died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

c.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Oneil Johnson died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D)); and

d.    committed the offenses described in Count Twenty-Three of the Indictment in the expectation of the receipt of something of pecuniary value, to wit, narcotics and money (Title 18, United States Code, Section 3592(c)(8)).

<u>SPECIAL FINDINGS AS TO SELBOURNE WAITE</u>

86.    Counts Five and Twenty-Nine of the Indictment are re-alleged and incorporated by reference as though fully set forth herein.    As to Counts Five and Twenty-Nine of the

Indictment, alleging the murder of Bunny Campbell in connection with a crime of violence, the defendant SELBOURNE WAITE:

a.    was 18 years of age or older at the time of the offense;

b.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Bunny Campbell died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

c.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Bunny Campbell died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

d.    had previously been convicted of a state offense punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm (as defined in section 921) against another person (Title 18, United States Code, Section 3592(c)(2)); and

e.    committed the offenses described in Counts Five and Twenty-Nine of the Indictment in the expectation of the

receipt of something of pecuniary value, to wit, narcotics and money (Title 18, United States Code, Section 3592(c)(8)).

### FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO

87.   The allegations contained in Counts One and Two of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963 and Title 28, United States Code, Section 2461(c).  Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of any defendant's conviction under Counts One and Two of this Indictment.

88.   BOBBY SAUNDERS, a/k/a "Bobby Moore," BOBBY MOORE, JR., a/k/a "Pops," a/k/a "Poppy," TYRONE MOORE, a/k/a "Puss," HISAN LEE, a/k/a "Devontea Clark," a/k/a "Ice," HIBAH LEE, ANDRE DAVIDSON, a/k/a "O Dog," SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," DELROY LEE, a/k/a "Specs," a/k/a "DJ," and ROBERT MORRISON, a/k/a "Chips," the defendants:

a.   have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

b.   have property constituting and derived from proceeds obtained, directly, and indirectly, from the aforesaid racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

89.   The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963 (a) (1), and (3), include but are not limited to:

a.   at least $5 million, which represents the gross proceeds received by the defendants pursuant to their racketeering activities as alleged in Counts One and Two during the relevant time period alleged in the Indictment and all interests and proceeds traceable thereto, including but not limited to, $14,755 in United States currency from TYRONE MOORE.

90.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)   cannot be located upon the exercise of due diligence;

    (b)   has been transferred or sold to, or deposited with, a third person;

    (c)   has been placed beyond the jurisdiction of the Court;

(d)   has been substantially diminished in value;
or

(e)   has been commingled with other property which
cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18,
United States Code, Section 1963(m), to seek forfeiture of any
other property of said defendants up to the value of the above
forfeitable property.

91.   The above-named defendants, and each of them, are
jointly and severally liable for the forfeiture obligations as
alleged above.

(Title 18, United States Code, Section 1963.)

<u>FORFEITURE ALLEGATION AS TO COUNT SEVEN</u>

92.   As a result of committing the controlled substance
offense in Count Seven of this Indictment, BOBBY SAUNDERS, a/k/a
"Bobby Moore," CARMEN MOORE, a/k/a "Munchie," BOBBY MOORE, JR.,
a/k/a "Pops," a/k/a "Poppy," TYRONE MOORE, a/k/a "Puss," HISAN
LEE, a/k/a "Devontea Clark," a/k/a "Ice," HIBAH LEE, ANDRE
DAVIDSON, a/k/a "O Dog," SELBOURNE WAITE, a/k/a "Silky," a/k/a
"Bling," DELROY LEE, a/k/a "Specs," a/k/a "DJ," ROBERT MORRISON,
a/k/a "Chips," DAKWAN EDWARDS, a/k/a "Doc," MARQUISH JONES, a/k/a
"Lunchbox," MARK HART, a/k/a "Movements," RAHEEM TUCKER, a/k/a
"Ras," DEMETRI YOUNG, a/k/a "Walter Malone," CHRISTOPHER DIAZ,
a/k/a "X Box," ANTHONY DIAZ, a/k/a "Little X," PAUL LOVE, AARON

66

BIRCH, a/k/a "A," a/k/a "Ace," KEVIN BECKFORD, a/k/a "Carl
Beckford," and JERMELL FALZONE, a/k/a "Mel," the defendants,
shall forfeit to the United States pursuant to 21 U.S.C. § 853,
any and all property constituting or derived from any proceeds
the said defendants obtained directly or indirectly as a result
of the violation and any and all property used or intended to be
used in any manner or part to commit and to facilitate the
commission of the violation alleged in Count Seven of this
Indictment, including but not limited to any and all proceeds
obtained as a result of the offense in violation of Title 21,
United States Code, Section 846.

<u>Substitute Assets Provision</u>

93. If any of the property described above as being
subject to forfeiture, as a result of any act or omission of the
defendant:

> (a) cannot be located upon the exercise of
> due diligence;
>
> (b) has been transferred or sold to, or
> deposited with, a third party;
>
> (c) has been placed beyond the jurisdiction
> of the court;
>
> (d) has been substantially diminished in
> value; or
>
> (e) has been commingled with other property

67

which cannot be divided without difficulty;  it is the intention

of the United States, pursuant to Title 21, United States Code,

Section 853(p), to seek forfeiture of any other property of the

defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 846 and 853.)

FORFEITURE ALLEGATION AS TO COUNTS NINE THROUGH NINETEEN

94.  As a result of committing one or more of the Hobbs

Act robbery offenses, in violation of Title 18, United States

Code, Sections 1951 and 2, alleged in Counts Nine through

Nineteen of this Indictment, BOBBY SAUNDERS, a/k/a "Bobby Moore,"

BOBBY MOORE, JR., a/k/a "Pops," a/k/a "Poppy," HISAN LEE, a/k/a

"Devontea Clark," a/k/a "Ice," HIBAH LEE, ANDRE DAVIDSON, a/k/a

"O Dog," SELBOURNE WAITE, a/k/a "Silky," a/k/a "Bling," DELROY

LEE, a/k/a "Specs," a/k/a "DJ," ROBERT MORRISON, a/k/a "Chips,"

LEVAR GAYLE, a/k/a "Train," and MARK HART, a/k/a "Movements," the

defendants, shall forfeit to the United States, pursuant to 18

U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any and all property

constituting or derived from any proceeds the said defendants

obtained directly or indirectly as a result of the said

violations and any and all property used or intended to be used

in any manner or part to commit and to facilitate the commission

of the violations alleged in Counts Nine through Nineteen of this

Indictment, including but not limited to the amount of proceeds

obtained as a result of the offenses alleged in Counts Nine
through Nineteen of this Indictment.

Substitute Asset Provision

95.  If any of the above-described forfeitable
property, as a result of any act or omission of the defendant:

> (a)  cannot be located upon the exercise of due
>       diligence;
>
> (b)  has been transferred or sold to, or deposited
>       with, a third person;
>
> (c)  has been placed beyond the jurisdiction of
>       the Court;
>
> (d)  has been substantially diminished in value;
>       or
>
> (e)  has been commingled with other property which
>       cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. §
982(b) and 21 U.S.C. § 853(p) to seek forfeiture of any other
property of said defendant up to the value of the above
forfeitable property.

(Title 18, United States Code, Section 981, and Title 28, United
                States Code, Section 2461.)


_____                    _____
FOREPERSON                                     MICHAEL J. GARCIA
                                               United States Attorney

69

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

BOBBY SAUNDERS, et al.,

Defendants.

INDICTMENT

S4 07 Cr. 3 (BSJ)

(Title 18, United States Code,
Sections 1951, 922(g), 924(c), 924(j),
1959(a)(1), 1962(c), 1962(d); and
Title 21, United States Code,
Sections 846, 812, 841(a)(1),
841(b)(1)(A), 848(e)(1)(A))

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

*Thomas P. Eagan*
Foreperson.

*Indictment filed.*

*J. Maas, USMS*