UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

-v.-

DELROY LEE,

Defendant.

07-CR-0003 (LAP)
18-CV-1856 (LAP)

ORDER

Before the Court is Defendant Delroy Lee's motion for reconsideration of the Court's prior orders in light of subsequent changes in controlling law.[1] For the reasons set forth below, Defendant's motion for reconsideration is GRANTED in part and DENIED in part.

## I. Background

The Court assumes familiarity with the underlying facts and recounts only those necessary to resolve the instant motion.

### A. The Charged Conduct

Defendant's charges arise from a superseding indictment (the "Indictment") filed February 20, 2008. The operative Indictment

[1] See Memorandum and Order denying Defendant's request for plenary resentencing ("Mem. and Order") (dkt. no. 1045-1); Defendant's letter motion seeking partial reconsideration ("Mot. for Recons.") (dkt. no. 1045); Government's opposition to Defendant's motion ("Gov't Opp.") (dkt. no. 1047); Defendant's response to Gov't Opp. ("Def. Reply") (dkt. no. 1048); Defendant's February 5, 2026 supplemental letter supporting partial reconsideration for vacatur ("Def. Supp. Mot.") (dkt. no. 1051).

charged Defendant with fifteen counts of drug and racketeering-related offenses arising from multiple instances of narcotics sales, firearms offenses, and an armed robbery resulting in the murder of two individuals. At trial, Defendant was convicted on all counts, thereby triggering mandatory life imprisonment on the two counts of felony murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1). Accordingly, the Court sentenced Defendant to the mandatory minimum term of life imprisonment, plus an additional thirty years. (Mem. & Order at 6-7.)

**B. Procedural History**

On August 25, 2023, the Court vacated Defendant's conviction on Counts 24 and 25 in light of the Supreme Court's decision in United States v. Taylor, 596 U.S. 845 (2022),[2] but denied the other claims raised in Defendant's pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255. On May 15, 2024, Defendant requested a sentence reduction under the First Step Act ("FSA"), on the grounds of compassionate release, or, in the alternative, a plenary resentencing hearing following the Court's order vacating in part Defendant's sentence under § 2255. (Dkt. no. 1026 at 1.) On July 15, 2025, the Court denied Defendant's motions. (Mem. & Order at 21.)

[2] In Taylor, the Supreme Court held, in relevant part, that a violation of the Hobbs Act does not qualify as a "crime of violence" under 18 U.S.C. § 924(c).

On July 29, 2025, Defendant filed a motion seeking partial reconsideration of the Court's denial of Defendant's motion for resentencing, (Mot. for Recons. at 1), in light of another Supreme Court decision, Hewitt v. United States, 606 U.S. 419 (2025). On February 5, 2026, Defendant filed additional submissions in support of reconsideration after the Supreme Court decided Barrett v. United States, 607 U.S. 128 (2026). Following Barrett, the Supreme Court decided Rutherford v. United States, 608 U.S. 454 (2026) and Fernandez v. United States, 608 U.S. 411 (2026), after which the Court invited further briefing from the parties on those cases. Accordingly, the Court now treats the motion as ripe for ruling.

## II. Discussion

### A. Count 22

Defendant first seeks partial reconsideration of the Court's denial of resentencing on Count 22 following the Supreme Court's decision in Hewitt, 606 U.S. at 419. (Mot. for Recons. at 2-3.)

In this District, reconsideration is an extraordinary remedy that should "generally be denied unless the moving party can point to controlling decisions . . . that might reasonably alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (holding that one of the grounds justifying reconsideration is "an

intervening change of controlling law") (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790) (internal quotation marks omitted).

The Court agrees with Defendant that Hewitt is indeed a change in controlling law. In Hewitt, the Supreme Court held that § 924(c) offenders who are resentenced "are subject to the [First Step] Act's revised penalties." 606 U.S. at 440. Thus, if Defendant were resentenced under Hewitt, his sentence on Count 22 would be reduced from a mandatory minimum of twenty-five to five years. (Mot. for Recons. at 3.)

Of course, the Court is not mandated to grant de novo resentencing in light of new governing law. To the extent that Defendant seeks full resentencing, the Court declines to order plenary resentencing for the reasons stated below. That said, to the extent that Defendant asks the Court simply to correct the sentence on Count 22 without full plenary resentencing, the Court will do so. "Section 2255 grants district courts the discretion to choose among four remedies when reviewing a sentence," and "[a] court may . . . 'correct the sentence as may appear appropriate.'" United States v. Pena, 58 F.4th 613, 619 (2d Cir. 2023) (quoting 28 U.S.C. § 2255(b)); see also United States v. Orena, No.92-CR-00351 (EK), 2024 WL 1199901 (E.D.N.Y. Mar. 20, 2024), aff'd, 145 F.4th 304 (2d Cir. 2025)(denying request for de novo resentencing, but vacating one of Defendants multiple remaining counts); United

States v. Hadden, 475 F.3d 652, 669 (4th Cir. 2007) ("The text of § 2255 clearly affords the district courts the authority to 'correct' a prisoner's unlawful sentence without conducting a formal 'resentenc[ing]' hearing."). Provided that neither Defendant nor the Government objects within five days of this Order, the sentence on Count 22 will be corrected to a sentence of five years imprisonment, which would be the minimum sentence applicable under 18 U.S.C. § 924(c)(1)(A)(i) following Hewitt, to run consecutively to all other terms as required by § 924(c)(1)(D)(ii).

**B. Counts 16 and 17**

Defendant next seeks limited reconsideration of the Court's denial of vacatur as to two additional counts (Counts 16 and 17) based on another change of controlling law announced in Barrett v. United States, 607 U.S. 128 (2026). Defendant contends that, after the Court's decision in Barrett, Counts 16 and 17 cannot both stand. (Def. Supp. Mot. At 3).

In Barrett, the Supreme Court held that a defendant may not be convicted under both 18 U.S.C. § 924(c)(1)(A)(i) and 18 U.S.C. § 924(j) for the same underlying conduct. 607 U.S. at 149 ("Congress has not authorized convictions under both 18 U.S.C. §§ 924(c)(1)(A)(i) and (j) for one act that violates both provisions."). Defendant argues that, based on Barrett, his charges on Counts 16 (use of a firearm in connection with a drug

trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i)) and 17 (use of a firearm in connection with a drug trafficking offense resulting in death, in violation of 18 U.S.C. § 924(j)(1)) cannot both stand as they were both predicated on the same underlying charge. (Def. Supp. Mot. At 2-3.)

Here, the record would indicate that Count 16 and Count 17 were both based on the furtherance of the narcotics conspiracy charged in Count 6. See dkt. no. 981 at 3-4 ("Count Sixteen charged Petitioner with the use, carrying, and possession of firearms during and in relation to the narcotics conspiracy charged in Count Six . . . [and] Count Seventeen charged Petitioner with the murder of Patrick Taylor through the use of a firearm in connection with the narcotics conspiracy charged in Count Six.") Thus, vacatur of at least one of these two counts would appear to be appropriate under Barrett. Unless the parties object within five days of this Order, the Court will vacate Count 16 in an Amended Judgment.

**C. Plenary Resentencing**

Defendant also notes that, to the extent that the Court is inclined to revisit the denial of Defendant's motion for plenary resentencing (dkt. no. 1026), there are potentially eight counts that could be subject to vacatur or modification at resentencing (including Counts 24 and 25 that the Court has already vacated, and Counts 16, 17, and 22, as addressed above.) (Def. Supp. Mot.

at 3.) While the Court appreciates defense counsel's diligence, the Court has already explained that plenary resentencing would be an "empty formality," Pena, 58 F.4th at 623, because Defendant is serving two mandatory terms of life in prison. The only way through which Defendant's sentence could conceivably be shortened is if Congress opts to eliminate mandatory life sentences under 18 U.S.C. § 1959(a)(1). At that point, Defendant would of course be free to file another motion seeking resentencing. However, unless and until Congress removes the mandatory minimums in question, there is no reason to conduct a proceeding that would be entirely academic.

Accordingly, Defendant's request for reconsideration of the Court's denial of plenary resentencing is DENIED.

## CONCLUSION

For the foregoing reasons, Defendant's motion for limited reconsideration is GRANTED to the extent it seeks to vacate Count 16 and correct the sentence in Count 22, and Defendant's motion for reconsideration is DENIED to the extent it seeks plenary resentencing.

Unless the Government or Defendant objects within five days of this Order, the Court will enter an amended judgment vacating Count 16 and correcting Count 22 to a sentence of five years' imprisonment. The amended judgment will also reflect the August 25, 2023, vacatur of Counts 24 and 25.

The Clerk of Court shall close Dkts. 1045, 1048, and 1051 in No. 07-CR-003 and Dkt. 73 in No. 18-CV-1856.

**SO ORDERED.**

Dated: New York, New York
November 13, 2026

Loretta A. Preska

___________________________________

LORETTA A. PRESKA
Senior United States District Judge